IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01180-PAB

GEORGE LEONARD CLAYPOOL,

    Plaintiff,

v.

BRUCE R. THOMPSON (C.F.O.) and
BANK OF AMERICA N/A,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Affidavit of Facts [Docket No. 5] filed by plaintiff George Leonard Claypool on May 13, 2013.  Mr. Claypool brought this action against defendants Bruce R. Thompson and Bank of America, N/A on May 3, 2013, alleging violations of the Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, Thirteenth, and Fourteenth Amendments in the foreclosure and sale of his property by defendants. Docket No. 1 at 1.

On May 7, 2013, the Court issued an Order to Show Cause why this case should not be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a).  Docket No. 4.  In particular, the Court noted that the complaint referred to an "Affidavit of Facts," but that no such affidavit was attached to the complaint.  Plaintiff's response to the Order to Show Cause appears to be the Affidavit of Facts.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." As the Court explained in its Order, "mere labels and conclusions[ ] and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (internal citations omitted). Furthermore, "to state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The affidavit sets forth the following factual allegations:

- Your Affiant has proof that the Defendants <u>Bruce R. Thompson (CFO)</u> of BANK OF AMERICA N/A and <u>BANK OF AMERICA N/A</u> has committed Fraud upon the Affiant "George" one of the People.

- Your Affiant has proof that the Defendants have not given full disclosure of the Truth in Lending rules and that the Defendants did not Loan your Affiant "George" any moneys for the purchase said property and that the Promissory Note that was signed by your Affiant was in fact turned over to the US Treasury for full payment on or about August 14, 2006.

- Your Affiant "George" was not told at the time of closing that the property in question was being signed over to BANK OF AMERICA N/A for BANK OF AMERICA N/A to resale it back to your Affiant "George". This action by the Defendants proves Fraud and deception on the Affiant "George".

Docket No. 5 at 2, ¶¶ 6-8. The remainder of the affidavit contains statements of law and general allegations. *See, e.g.*, Docket No. 5 at 2, ¶ 4 ("Your Affiant at all times claims all and waives none of his God given inherent, unlimited, unalienable, secured and guaranteed Rights pursuant to the Declaration of Independence and the

Constitution of the united [sic] States of America as ratified 1791 with the Articles of the Amendments.").

The factual allegations in the complaint, as supplemented by the affidavit of facts, are insufficient under Rule 8(a) as they do not "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.  These statements are likewise too vague and conclusory to fulfill the purpose of notice pleading, which is to "give the defendant[s] fair notice of what the [plaintiff's] claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  For example, the affidavit refers to property that Mr. Claypool purchased, but does not identify where the property is or how or when he purchased it.  Docket No. 5 at 2, ¶ 7.  Likewise, it refers to a loan, but does not indicate who extended the loan or recite any of the relevant terms of the loan agreement.  *Id*.  Moreover, the complaint does not describe any actions taken by Mr. Thompson or Bank of America or explain how such actions harmed Mr. Claypool.  *See Nasious*, 492 F.3d at 1163.  In sum, plaintiff has not cured the deficiencies identified in the Order to Show Cause.

Dismissal is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).  In this jurisdiction, a court typically does not dismiss a case for failure to state a

claim until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations.  See *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).  The Court may only dismiss "sua sponte when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)).  Mr. Claypool has not previously amended his pleading and the statements in his affidavit suggest that some of the deficiencies found herein may be cured.  Thus, because it is possible Mr. Claypool may cure his pleading deficiencies, the Court will allow him to file an amended complaint within thirty days of this Order.  If plaintiff does not file an amended complaint or if any amended complaint he files does not cure the noted deficiencies, the case will be dismissed.  Accordingly, it is

**ORDERED** that plaintiff may file an amended complaint by or before **Friday, June 14, 2013**.

DATED May 17, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge