IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01180-PAB

GEORGE LEONARD CLAYPOOL,

    Plaintiff,

v.

BRUCE R. THOMPSON (C.F.O.) and
BANK OF AMERICA N/A,

    Defendants.

---

### ORDER

---

    This matter is before the Court on the Affidavit of Facts "Ammended" [Docket No. 7] filed by plaintiff George Leonard Claypool.  Mr. Claypool brought this action against defendants Bruce R. Thompson and Bank of America, N/A on May 3, 2013, alleging violations of the Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, Thirteenth, and Fourteenth Amendments in the foreclosure and sale of his property by defendants. Docket No. 1 at 1.

    On May 7, 2013, the Court issued an Order to Show Cause why this case should not be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a).  Docket No. 4.  In particular, the Court noted that the complaint referred to an "Affidavit of Facts," but that no such affidavit was attached to the complaint.  Plaintiff's responded to the Order to Show Cause by filing an Affidavit of Facts.  Docket No. 5.  The Court found that the affidavit did not comply with Rule 8(a) and, in light of plaintiff's pro se status,

permitted him an opportunity to amend his complaint. Docket No. 6. In response, plaintiff filed the instant amended affidavit. Docket No. 7.

As the Court explained in its previous Orders, *see* Docket Nos. 4 and 6, "mere labels and conclusions[ ] and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (internal citations omitted). Furthermore, "to state a claim in federal court, a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The amended affidavit sets forth the following factual allegations:

- The contract that was signed for the property located at (436 West 4th Street, Palisade, Colorado [81526]) has only one signature that belongs to "George Leonard Claypool" and no-one else.

- There was an EFT sent to Bank of America N/A on January 24,2012 in the amount of $75,000.00 draft #4598 that was accepted by Bank of America N/A and then denied.

- Your Affiant has proof that the Defendants Bruce R. Thompson (CFO) of BANK OF AMERICA N/A and BANK OF AMERICA N/A has committed Fraud upon the Affiant "George" one of the People.

- Your Affiant has proof that the Defendants have not given full disclosure of the Truth in Lending rules and that the Defendants did not Loan your Affiant "George" any moneys for the purchase said property and that the Promissory Note that was signed by your Affiant was in fact turned over to the US Treasury for full payment on or about August 14, 2006.

- Your Affiant "George" was not told at the time of closing that the property in question was being signed over to BANK OF AMERICA

> N/A for BANK OF AMERICA N/A to resale it back to your Affiant "George". This action by the Defendants proves Fraud and deception on the Affiant "George".

Docket No. 7 at 2-3, ¶¶ 6-8. The remainder of the affidavit contains statements of law and general allegations. *See, e.g.*, Docket No. 7 at 2, ¶ 3 ("Your Affiant notices that in these united States of America, the authority of any and all governments resides in the People, the Natural Persons, of the land, for government is a fiction of the mind and can only be created by the People, effected by the People, and overseen by the People for the benefit of only the People.").

The factual allegations in the complaint, as supplemented by the affidavit of facts and the amended affidavit of facts, are insufficient under Rule 8(a) as they do not "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. These statements are likewise too vague and conclusory to fulfill the purpose of notice pleading, which is to "give the defendant[s] fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff has been afforded an opportunity to amend his complaint and has not complied with the requirements of Rule 8(a), as specifically articulated in the Orders issued on May 7 and May 17, 2013. Docket Nos. 4 and 6. Wherefore, it is

**ORDERED** that the Complaint for Damages [Docket No. 1] filed by plaintiff George Leonard Claypool is DISMISSED. It is further

**ORDERED** that this case is DISMISSED.

DATED June 5, 2013.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge